IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE LEE BAKER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CRIMINAL NO. 18-0331-WS |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter comes before the Court on petitioner George Lee Baker's *pro se* filing that is liberally construed as a Motion for Compassionate Release (doc. 32).[1] Insofar as Baker is requesting appointment of counsel to assist him in crafting a Motion for Compassionate Release, that request is **DENIED** because his current filing is sufficient to place the question of compassionate release (and all attendant facts and circumstances that Baker believes warrant the granting of such relief) squarely before the Court.

The court file reflects that Baker entered a plea of guilty to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. On September 17, 2019, this Court sentenced Baker to a low-end guidelines sentence of 188 months' imprisonment. Bureau of Prisons records reflect that Baker is housed at USP Yazoo City, with a projected release date of October 10, 2032. At present, BOP data reflects that there are zero active cases of COVID-19 in the inmate population of that facility.

---

[1] Also pending are the Government's Motion to File Out-of-Time Response (doc. 35) and Motion for Leave to File Under Seal (doc. 37). For cause shown, both of the Government's Motions are **GRANTED**. As such, the Government's Response (doc. 36) will be accepted and considered even though it was filed after the Court-specified deadline of April 19, 2021. Moreover, the exhibit found at docket entry 38 (consisting of Baker's prison medical records) shall be maintained **UNDER SEAL** by the Clerk of Court pending further direction from the Court, in order to safeguard Baker's privacy.

In his Motion, Baker expresses concern about COVID-19 exposure in prison, and indicates that he is a chronic care inmate being treated for history of type 2 diabetes, hyperlipidemia and hypertension, for which he has been prescribed multiple types of medication. On that basis, he requests consideration for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Baker is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic. His Motion appears to have been properly filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018. That section allows a defendant to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the Bureau of Prisons, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." § 3582(c)(1)(A). In other words, Baker must present his request for compassionate release to prison officials before petitioning this Court for relief. In his Motion, he shows that he has met this procedural requirement, as evidenced by the written acknowledgment from the prison warden dated February 22, 2021, or more than 30 days prior to his filing the Motion.

That said, Baker has not made the necessary substantive showing to qualify for relief. Compassionate release is available only for inmates who demonstrate that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). Baker does not show that he is presently facing any meaningful risk of contracting a serious case of COVID-19 in prison. As noted, there are no active cases of coronavirus in the inmate population of USP Yazoo City at this time. Moreover, BOP medical records confirm that on April 13, 2021, prison officials offered the Pfizer-BioNTech vaccine for COVID-19 to Baker, but that he refused the vaccination. (Doc. 38, PageID.218.) And Baker has received multiple negative tests for COVID-19 between November 2020 and February 2021. (*Id.*, PageID.231-40.) In light of all the facts and circumstances outlined in the parties' filings and exhibits, the Court concludes that Baker has not shown that his medical conditions substantially diminish his ability to provide self-care while incarcerated or even that he faces an unmitigable elevated risk of contracting a serious case of COVID-19; therefore, he has not shown that "extraordinary and compelling reasons" justifying a sentence reduction exist within the meaning of U.S.S.G. § 1B1.13(1)(A).

Even if Baker were eligible for compassionate release (which the Court finds he is not), his Motion would still be denied. The decision of whether or not to grant relief to an eligible defendant is discretionary. *See, e.g., United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020) ("We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act."). Indeed, the statute expressly provides that, even where a defendant has satisfied the procedural requirements for a compassionate release motion and has shown extraordinary and compelling reasons warranting relief, the district court "***may reduce the term of imprisonment*** … after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). Simply put, "[i]f there are 'extraordinary and compelling reasons' for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors." *United States v. Monaco*, 2020 WL 6194688, *3 (11th Cir. Oct. 22, 2020).

The Court has carefully weighed the § 3553(a) factors as they relate to Baker and his Motion for Compassionate Release. Section 3553(a) requires this Court to consider (among other factors) "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1)-(2)(A). The court file reflects that Baker has a lengthy criminal history, including firearms and controlled substance convictions, dating back more than three decades. His criminal conduct for which he is presently incarcerated involves a serious methamphetamine conspiracy offense, for which he has served only a small fraction of the 188-month sentence previously imposed. All indications are that the BOP is providing adequate medical care to Baker at USP Yazoo City, including offering him safe, effective COVID-19 vaccination and otherwise taking appropriate steps to minimize risk of coronavirus exposure and infection for Baker and other inmates. Based on these considerations, considered in tandem with the other § 3553(a) factors, the Court would decline to exercise its statutory discretion to reduce Baker's term of imprisonment on grounds of compassionate release, even assuming he were otherwise eligible. Simply put, after careful consideration of Baker's Motion, the Court remains of the opinion that the sentence originally imposed in this case remains fair, appropriate and necessary.

-4-

For all of the foregoing reasons, it is **ORDERED** as follows:

1. The Government's Motion to File Out-of-Time Response (doc. 35) and Motion for Leave to File Under Seal (doc. 37) are **GRANTED;** and
2. Baker's Motion for Compassionate Release (doc. 32) is **DENIED**, as is his embedded request for appointment of counsel to assist him in pursuing compassionate release under the First Step Act.

DONE and ORDERED this 7th day of May, 2021.

                                              s/ WILLIAM H. STEELE
                                              UNITED STATES DISTRICT JUDGE